**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Azadeh Famili,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA, et al.,<br><br>    Defendants. | No. CV-13-00702-PHX-DGC<br><br>**ORDER** |

Defendants U.S. Bank National Association and BSI Financial Services, Inc. have filed a motion for summary judgment and a statement of facts in support of that motion. Docs. 24, 25. Plaintiff Famili, who is represented by counsel, has responded to the motion (Doc. 30) but has not filed a controverting statement of facts as required by Local Rule 56.1(b). Defendants have filed a reply. Doc. 31. Neither party has requested oral argument. For the reasons stated below, the Court will grant Defendants' motion. Plaintiff's requests for leave to file an Amended Complaint will be denied.

**I. Background.**

On April 27, 2007, Plaintiff signed a Deed of Trust securing a Promissory Note in the amount of $412,000. The Deed was recorded on May 4, 2007 on property owned by Plaintiff at 409 E. Braeburn Drive in Phoenix, Arizona. Docs. 24 at 3, 30 at 2. In February 2012, Quality Loan Service Corporation ("Quality") was substituted as the successor trustee of the Deed pursuant to a Substitution of Trustee, and that substitution was recorded. *Id*. Quality recorded a Notice of Trustee's Sale on March 1, 2012 (Doc.

24 at 3), and mailed a Statement of Breach of Non-Performance and the Notice of Trustee's Sale to Plaintiff's mailing address at 254 Oakland Road, Glendora, California, 91741, on March 16, 2012 (*id*. at 4, Doc. 30 at 3).[1]

On March 27, 2013, Plaintiff filed her complaint in Maricopa County Superior Court, alleging eight counts against Defendants. Doc. 1-1. Count one alleged that neither the Mortgage Electronic Registration Systems ("MERS") nor US Bank had standing or authority to non-judicially foreclose on the property, to enforce the note, or to appoint a successor. *Id*. at 11. Count two alleged breach of contract against US Bank for failure to provide a "Lost Note Affidavit." *Id*. at 14. Count three alleged breach of contract/lack of authority of MERS to assign the Deed of Trust to US Bank. *Id*. at 15. Count four alleged that neither Wells Fargo nor MERS lawfully transferred interest in the Note or Deed of Trust and therefore had no power to foreclose on the property. *Id*. at 17. Count five alleged breach of contract against US Bank for not having the authority to appoint Quality as the successor trustee. *Id*. at 21. Count six alleged that US Bank must be the true successor lender/beneficiary in order to foreclose on the property. *Id*. at 23. Count seven alleged that MERS was not a beneficiary and lacked authority to take any action on the note or Deed of Trust. *Id*. at 25. Count eight requested a Temporary Restraining Order to halt the trustee's sale of the property. *Id*. at 26.

Plaintiff's request for a TRO was granted on March 27, 2013, temporarily

---

[1] Plaintiff asserts that the Statement was not mailed to her "residence address in Phoenix." Doc. 30 at 3. This assertion is not supported by an affidavit or declaration. Defendant provided the declaration of Bounlet Louvan, the Foreclosure Legal Liaison and former Trustee Sales Officer for Quality who was in charge of the sale of Plaintiff's property, stating that the documents "were mailed to the Property (the East Braeburn house in Phoenix) and 254 Oakland Road in Glendora, California 91741." Doc. 25 at 6. Whether or not the notice and statement were received by Plaintiff at the Braeburn property, there is no dispute that Defendant noticed Plaintiff at the address set forth in the Deed of Trust as required by A.R.S. § 33-809(b) ("The copy of the notice sent pursuant to this paragraph shall be addressed to the person whose interest appears of record *at the address set forth in the document*.") (emphasis added). Plaintiff's mailing address on the Deed of Trust is 254 Oakland Road, Glendora, California 91741. Maricopa County Records, Document No. 2007-0523012.

enjoining the trustee's sale.  The case was removed to federal court on April 5, 2013. Doc. 1.  Wells Fargo Bank NA was dismissed as a party on June 7, 2013.  Doc. 23. Remaining Defendants filed this motion for summary judgment on August 23, 2013. Doc. 24.  Plaintiff did not respond.  On October 29, 2013 Plaintiff made an *ex parte* motion for leave to file a late response (Doc. 27), which this court granted on November 4, 2013 (Doc. 29).

**II.     Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court is not obligated to "'scour the record in search of a genuine issue of triable fact.'"  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted).  If the nonmoving party's opposition fails to cite specifically to materials either in the Court's record or not in the record, the Court is not required to search the entire record for evidence establishing a genuine issue of material fact or obtain the missing materials. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988); *Keenan*, 91 F.3d at 1278-79 (noting that opposing papers, due to size and poor citation, "obfuscate[d] rather than promote[d] an understanding of the facts," and declining to scour papers or the rest of the record to determine if genuine issue of material fact existed).  Rather, the Court relies on "'the nonmoving party to identify with reasonable particularity the evidence that

precludes summary judgment.'" *Keenan*, 91 F.3d at 1279. "As the Seventh Circuit observed in its now familiar maxim, 'judges are not like pigs, hunting for truffles buried in briefs.'" *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) (alteration omitted).

Any dispute raised must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *see* Fed. R. Civ. P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also* Rule 1.10(l)(1), Rules of Practice of the United States District Court for the District of Arizona ("Any party opposing a motion for summary judgment must . . . set[] forth the specific facts, which the opposing party asserts, including those facts which establish a genuine issue of material fact precluding summary judgment in favor of the moving party.").

**III.    Disputed Issues of Fact.**

Plaintiff claims that documents attached to Defendants motion contain false and fraudulent statements regarding the authority of signators to execute documents. Doc. 30 at 5. Plaintiff appears to urge the Court to interpret her allegation that these are false statements as raising issues of fact that would preclude summary judgment.

Plaintiff identifies two statements in the Declaration of Louvan as false. First, Plaintiff says that the statement that Louvan "conducted the foreclosure of the real property in question" is false because the trustee's sale has not yet taken place. Docs. 30 at 13; 32. In response, Defendants filed a corrected Declaration clarifying that the sale has not, as Plaintiff alleges, occurred yet. Doc. 32. Not only is this fact no longer in dispute, but this statement is not material to any of Plaintiff's claims of breach of contract or lack of authority to notice and conduct the trustee's sale. Only disputes over facts that

might affect the outcome of the suit will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Second, Plaintiff disputes the validity of the following statement in Louvan's Declaration: "the Statement of Breach was signed by Mauro Guzman and is a true and correct copy of the Statement of Breach that was mailed." Doc. 30 at 14. Plaintiff alleges that this is hearsay and that Louvan has no personal knowledge that Guzman obtained authority to mail the documents from an entity that had authority as holder of the note. Plaintiff's hearsay objection is unfounded. The Louvan declaration establishes that the Statement of Breach is a business record of Quality's under Federal Rule of Evidence 803(6), and the actual Statement of Breach is attached to the declaration. Doc. 25 at 6, 9. In addition, whether Guzman had authority to sign and mail the document is a legal question, which the Court resolves here, and not a disputed fact.

Apart from these two statements, the Court cannot glean from Plaintiff's response any specific disputed issues of fact. Rather, the remainder of Plaintiff's response appears to focus on the legal argument that Defendant must show its authority to notice and conduct the trustee's sale. In addition, as noted above, Plaintiff has failed to file a contravening statement of facts as required by Local Rule 56.1(b). When a party fails to file such a statement, the Court may take the following actions: (1) give the party an opportunity to properly do so; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials show that the movant is so entitled; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(c), (e). Because Plaintiff's counsel had more than two months to file a controverting statement of facts and did not do so, the Court will not grant additional time to respond. The Court finds that summary judgment is appropriate.

**III.   Analysis.**

All counts alleged in Plaintiff's complaint center on her assertion that whenever the promissory note was transferred or a change was made to the beneficiary of the Deed of Trust, the holder or beneficiary was required to demonstrate authority for the transfer

or substitution. Each claim of breach of contract and lack of authority by Plaintiff is an iteration of the "show-me-the-note" argument resolved by the Arizona Supreme Court in *Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 782 (Ariz. 2012), as amended (July 11, 2012). As a matter of Arizona law, the Court finds Plaintiff's argument without merit.

### A. Authority to conduct trustee's sale.

Plaintiff asserts that Defendant had no standing or authority to conduct a non-judicial trustee's sale because Plaintiff was presented with no evidence of ownership of the note and therefore Defendant had no authority to enforce the note. Doc. 1-1 at 13 (Count One: "there is a significant unexplained five-year GAP in the 'chain of custody'"); at 14 (Count Two: "Failure to Provide the 'Lost Note Affidavit' Required under" Arizona law precludes Defendant's right to foreclose); at 15 (Count Three: MERS had no authority to assign the Deed of Trust to US Bank); at 17 (Count Four: without evidence of the transfer of interest, Quality Loan Services had no power to foreclose); at 21 (Count Five: US Bank had no authority to appoint Quality as a successor with power to foreclose); at 23 (Count Six: US Bank must have authority to appoint a successor); at 25 (Count Seven: MERS lacked authority to take any action).

"Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure." *Hogan*, 277 P.3d at 782. Rather, "the only proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority." *Hogan*, 230 277 P.3d at 783; *see* A.R.S. § 33-808(C)(5) (requiring the notice to set forth "the basis for the trustee's qualification pursuant to § 33–803, subsection A"); *see also* A.R.S. § 33-807(A) (granting the trustee the "power of sale"). Where a sale is "noticed by a trustee who had recorded an instrument demonstrating that it was a successor in interest to the original trustee," a party has complied with the statutes. *Id*.

The notice of sale in this case was filed by Quality. Doc. 1-1 at 116. The notice contains a statement asserting that "the successor trustee qualifies to act as a trustee under A.R.S. § 33-803(A)(1)." *Id*. Defendant provides evidence that Quality had "recorded an

instrument demonstrating that it was a successor in interest," by providing the notice of the recorded substitution of February 15, 2012, at Document 2012-0151818. *See also* Doc. 1-1 at 112.

Plaintiff's argument and claims seek to require clarification of the chain of title, and assert that she was entitled to notification of and authority for the transfer of the note and any substitution of trustees at each link in that chain. But there is no basis for this argument under Arizona law. *Hogan* clearly eliminated any obligation on the part of trustees to "show the note" prior to a sale. To the extent the Court can decipher Plaintiff's legal citations, it appears she relies on law from New York, Kansas, Oregon, and Idaho, and a law review article. These authorities clearly are not controlling.

Additionally, courts repeatedly have held that MERS has authority to act as a lender's agent and take action on its behalf, and have rejected the premise that MERS is a "sham beneficiary." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034 (9th Cir. 2011) (rejecting argument that MERS is a sham beneficiary where MERS did not initiate foreclosure). *See also In re Mortgage Elec. Registration Sys. (MERS) Litig*., MDL 09-2119-PHX-JAT, 2012 WL 1912133 (D. Ariz. May 25, 2012) (rejecting argument that MERS cannot act as a lender's agent); *Bean v. BAC Home Loans Servicing, L.P.*, No CV 11-553-PHX-GMS, 2012 WL 171435, at * 1-2 (D. Ariz. Jan. 20, 2012) (same).

**B.     Applicability of the UCC and Pooling Services Agreement.**

Plaintiff argues that the notice of trustee sale violated provisions of the Uniform Commercial Code ("UCC") and a Pooling Services Agreement ("PSA"). Doc. 30 at 7. These arguments also lack merit.

*Hogan* resolved any question that non-judicial sales of real property had to comply with the UCC. 277 P.3d at 783 ("The trust deed statutes do not require compliance with the UCC before a trustee commences a non-judicial foreclosure."). Additionally, it is well established that mortgagees generally cannot cite violations of PSAs, or defects in the securitization process, to support a wrongful foreclosure claim because mortgagees

are not parties to the agreements and have no standing to claim noncompliance with the agreements. *See, e.g.*, *In re Cook*, 457 F.3d 561, 567-68 (6th Cir. 2006) (ruling that the failure to record an assignment of a mortgage as required by contract impacted the relationship of the parties to the contract, but did not impede the ability to enforce the mortgage against third parties); *In re Correia*, 452 B.R. 319, 324 (1st Cir. B.A.P. 2011) ("[T]he Debtors lacked standing to challenge the mortgage's chain of title under the PSA . . . . The Debtors cannot show they were a party to the contract . . . ."); *Bittinger v. Wells Fargo Bank N.A.*, 744 F. Supp. 2d 619, 625-26 (S.D. Tex 2010) (rejecting mortgagor's claim of wrongful foreclosure because mortgagor was not a party or beneficiary under the PSA and thus had "no ability under Texas law to sue for breach of contract."); *In re Washington v. Deutsche Bank Nat'l. Trust Co.*, 2011 WL 6010247, at *5 (Bankr. W.D. Mo. 2011).

Even if Plaintiff did have standing to challenge Defendants' actions under the PSA, Plaintiff has not made a colorable claim that the requirements of the PSA were breached, or that such a breach impacted Defendants' right to conduct a trustee's sale.

### C.  Request for leave to amend Complaint.

In the event summary judgment is granted, Plaintiff requests that she be permitted to file an amended complaint "based upon rapidly evolving foreclosure law in Arizona and elsewhere." Doc. 30 at 2. This request is denied. Leave to amend is appropriate "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Plaintiff's claims depend on legal theories that have repeatedly been rejected by this Court and others, and her assertion that this area of foreclosure law is rapidly evolving is without merit.

**IT IS ORDERED:**

1.  Defendants' motion for summary judgment (Docs. 24) is **granted**.
2.  Plaintiff's request for leave to file an amended complaint is **denied**.
3.  Defendant's motion for summary adjudication (Doc. 26) is **denied**, and its

1           motion to correct the Louvan declaration (Doc. 32) is **granted**.
2      4.     The Clerk shall terminate this action.
3      Dated this 19th day of December, 2013.

*[Signature]*

David G. Campbell
United States District Judge