**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Azadeh Famili,<br><br>              Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA, et al.,<br><br>              Defendants. | No. CV-13-00702-PHX-DGC<br><br>**ORDER** |

       The Court granted Defendants' motion for summary judgment on December 19, 2013. Doc. 33. Defendants now ask the Court to award attorneys' fees in the amount of $8,270.00 in connection with this action, and have filed a memorandum in support of the motion. Doc. 35. Plaintiff has not responded to the motion and Defendants have not requested oral argument. For the reasons that follow, the Court will grant the motion.

       Defendants request fees under A.R.S. § 12-341.01 and section nine of the Deed of Trust. Doc. 35 at 2; Doc. 1-1 at 40-41. Because Defendants prevailed on a matter arising out of contract – specifically, the Deed of Trust – a fee award is authorized.

       The Court has discretion to award fees under section 12-341.01. *Wenk v. Horizon Moving & Storage Co.*, 639 P.2d 321, 323 (Ariz. 1982). Because Plaintiff's position lacked merit, litigation could have been avoided, Plaintiff has made no showing of extreme hardship, Defendants prevailed on all points, the issues were not novel, and no improper deterrence of actions would occur, the Court concludes that an award of attorneys' fees is appropriate. *See Velarde v. PACE Membership Warehouse, Inc.*, 105

F.3d 1313, 1319-20 (9th Cir. 1997).

Defendants discuss most of the factors outlined in *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983), including (1) the qualities of the advocate; (2) the work actually performed, including the skill, time and attention given to the work; and (3) the result. Defendants' attorney contends that the billing rates charged were "below market [hourly rates] for attorneys with [his] experience." Doc. 36 at 2. Defendants' attorneys have a combined thirty five years of experience litigating in the area of real estate. *Id.*

The Court finds the hourly rates charged by Defendants' legal team to be reasonable for the Phoenix market and for attorneys of the skill and experience needed for a case such as this. The Court also finds the time records provided by defense counsel to be sufficiently detailed, and the hours incurred in defending this case to be reasonable. Having considered the record as a whole and the relevant fee award factors, *see Associated Indemnity Corporation v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985), the Court finds the requested fee award to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award).

**IT IS ORDERED:**

1. That Defendants' motion for attorneys' fees (Doc. 35) is **granted**.
2. Defendants are awarded attorneys' fees in the amount of **$8,270.00** pursuant to A.R.S. § 12-341.01(A).

Dated this 23rd day of April, 2014.

_____
David G. Campbell
United States District Judge